IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-CR-00298-RJC-DSC

| USA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SHARI LAVELLE HARRIS | ) | |
| | ) | |

**THIS MATTER** is before the Court upon the defendant's pro se motion to dismiss the indictment for lack of territorial jurisdiction. (Doc. No. 41).

Rule 12(b)(2) of the Federal Rules of Criminal Procedure allows a defendant to file a motion to dismiss for lack of jurisdiction "at any time while the case is pending." The United States Court of Appeals for the Fourth Circuit dismissed the defendant's appeal of his sentence then issued its mandate on February 27, 2020. (Doc. No. 38: Order; Doc. No. 39: Mandate). Thus, his case was no longer pending when he filed the instant motion on February 12, 2021, and the Court lacks authority to consider the merits of his claim under Rule 12(b)(2).[1] United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002).

**IT IS THEREFORE ORDERED** that the defendant's motion to dismiss for lack of jurisdiction, (Doc. No. 41), is **DISMISSED**.

Signed: February 17, 2021

Robert J. Conrad, Jr.
United States District Judge

---

[1] The defendant does have a Motion to Vacate under 28 U.S.C. §2255 pending in civil Case No. 3:21-cv-18, which is generally the appropriate way to claim a court was without jurisdiction to render a final criminal judgment.